**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
In re:                                                                   :
                                                                         :   Chapter 11
ALEXANDER DIMITROV,                                                      :
                                                                         :   Case No.:  21-40622 (JMM)
            Debtor.                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
In re:                                                                   :
                                                                         :   Chapter 11
BULGARIAN BAR INC. DBA BG BAR INC.,                                      :
                                                                         :   Case No.:  22-40264 (JMM)
            Debtor.                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
```

**NOTICE OF MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. § 362(d)**
**MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a).**

**PLEASE TAKE NOTICE** that a hearing before the Honorable Jil Mazer-Marino, United States Bankruptcy Judge, United States Bankruptcy Court for the Eastern District of New York, 271-C Cadman Plaza East, Brooklyn, New York 11201-1800 shall be held on February 15, 2022, at 11:30 a.m.   (the "Hearing Date") on the motion (the "Motion") filed by KETEVAN (KETI) CHICHINADZE,  FLSA Creditor ("FLSA Creditor ") for entry of an order, pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code") vacating the automatic stay imposed in the above-captioned cases (the "Cases") by section 362(a) of the Bankruptcy Code as to allow the FLSA Creditor to proceed in an action pending in the United States District Court for the Southern District of New York, Index 1:18-cv-08069 (the "District Court Action") against ALEXANDER DIMITROV (the "Individual Debtor) and the BULGARIAN BAR, INC. (the "Corporate Debtor," collectively, the "Debtors");

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must be in writing and filed with the Bankruptcy Court by February 8, 2023 (the "Objection Deadline") through the Court's electronic filing system. Instructions for electronically filing an objection

can be found at www.nyeb.uscourts.gov. A copy of the objection must also be mailed, so as to be received by the Objection Deadline, to counsel for the FLSA Creditor, Joseph & Kirschenbaum LLP.

**PLEASE TAKE FURTHER NOTICE** that the hearing shall not be held in person but shall be held telephonically or by video. Those intending to appear at the hearing must register with eCourt Appearances no later than two days prior to the hearing. The phone number or video link for the hearing will be emailed to those that register with eCourt Appearances in advance of the hearing. Instructions for registering with eCourt Appearances can be found at https://www.nyeb.uscourts.gov/node/2126. If you do not have internet access or are otherwise unable to register with eCourt Appearances, you may call or email Judge Mazer-Marino's courtroom deputy for instructions at (347) 394-1844, JMM_Hearings@nyeb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE** that the hearing on the Motion may be adjourned without notice other than an announcement in open Court.

Dated:  New York, New York
        January 11, 2023

                JOSEPH & KIRSCHENBAUM LLP

                By:  */s/ Josef Nussbaum*
                     Josef Nussbaum
                     32 Broadway, Suite 601
                     New York, NY 10004
                     (212) 688-5640
                     jnussbaum@jk-llp.com

JOSEPH & KIRSCHENBAUM LLP
Josef Nussbaum
32 Broadway, Suite 601
New York, NY 10004
Phone: (212) 688-5640
Mobile: (718) 915-5304
Fax: (212) 688-2548
jnussbaum@jk-llp.com

*Counsel for KETEVAN (KETI) CHICHINADZE
FLSA Creditor*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK**

---------------------------------- x
                                   :
In re:                             : Chapter 11
                                   :
ALEXANDER DIMITROV,                : Case No.: 21-40622 (JMM)
                                   :
         Debtor.                   :
---------------------------------- x
---------------------------------- x
                                   :
In re:                             : Chapter 11
                                   :
BULGARIAN BAR INC. DBA             : Case No.: 22-40264 (JMM)
BG BAR INC.,                       :
                                   :
         Debtor.                   :
---------------------------------- x

**FLSA CREDITOR'S MOTION FOR ORDER
<u>LIFTING AUTOMATIC STAY</u>**

Creditor KETEVAN (KETI) CHICHINADZE, FLSA Creditor (the "FLSA Creditor," or "Creditor"), by her undersigned attorneys, submits the instant motion (the "Motion") seeking the entry of an Order pursuant to Section 362(d)(1) of the Bankruptcy Code modifying the automatic stay (the "Automatic Stay") to allow the FLSA Creditor to proceed with her pending litigation in the United States District Court for the Southern District of New

York against ALEXANDER DIMITROV (the "Individual Debtor) and the BULGARIAN BAR INC. (the "Corporate Debtor," collectively, the "Debtors") as to prosecution of the suit, but not as to collection of any judgment, and respectfully sets forth and represents as follows:

## Preliminary Statement

The Automatic Stay should be modified to allow the FLSA Creditor to proceed with the pending litigation she filed—more than four years ago—in the United States Southern District Court for the District of New York against the Individual Debtor, the Corporate Debtor, and an additional non-debtor defendant (collectively "Defendants) (the "District Court Action").  In that Action, the FLSA Creditor alleges that the Defendants committed various wage and hour violations against her, and that Debtor Dimitrov harassed and discriminated against her on the basis of her gender.  As outlined below, many of the FLSA Creditor's allegation have already been established as true as the District Court already granted partial summary judgment in the FLSA Creditor's favor.  Moreover, and most significant to the herein motion, the District Court Action was on the eve of trial at the time the Individual Debtor filed for Bankruptcy, almost two years ago.

Lifting the automatic stay so that the FLSA Creditor's claims can be finally adjudicated is the logical next step in the Individual Debtor's Bankruptcy (which has been pending for almost two years with little to no movement toward resolution), the Corporate Debtor's bankruptcy (which has been pending for more than ten months and for which that Debtor has just recently filed an objection to FLSA Creditor's claim, and in the District Court Action (which has been pending for more than four years) for the following reasons:

First, the Individual Debtor filed the Individual Case after the case pending before the District Court, after partial summary judgment was granted in favor of the FLSA Creditor, and after the case was ready for trial.  In fact, the District Court was prepared to enter a

default judgment against the Debtors for their failure to appear at a conference to set a trial date in that case. Second, the Individual bankruptcy case was filed over 20 months ago. A review of the docket in that case fails to demonstrate that the Individual Debtor has done anything to try and confirm a plan of reorganization and continuing the action in District Court will do little to interfere with the Bankruptcy Case. Third, Ms. Tania Dimcheva is a defendant in the District Court Action and is not a debtor (the "Non Debtor Defendant") and, as such, this Court does not have jurisdiction over her. If the Bankruptcy Court presides over the FLSA Creditors' claims against the Debtors, the FLSA Creditor will still have to expend significant resources and time adjudicating the claims against the Non-Debtor Defendant in the District Court. Fourth, pursuant to 11 U.S.C. § 157(b)(5), the bankruptcy court lacks the statutory authority to hear the FLSA Creditor's New York City Human Rights Law ("NYCHRL") gender discrimination and harassment claims, and the FLSA Creditor does not consent to the exercise of a bankruptcy court's jurisdiction. Finally, and significantly, the other creditors in these cases will not suffer any prejudice as a result of these claims being adjudicated in the District Court and the Debtors cannot point to any prejudice they may suffer as a result of trial in the District Court.

As there is good cause to lift the automatic bankruptcy stay to allow the FLSA Creditor action against the Individual Debtor, Corporate Debtor, and the Non-Debtor Defendant to proceed in the District Court, the stay should be lifted.

## STATEMENT OF FACTS

### The FLSA Creditor's Complaint Includes Allegations of the Debtor's Violent and Discriminatory Actions Against FLSA Creditor

1. On September 5, 2018, the FLSA Creditor, a former employee of both Debtors, filed a complaint (the "Complaint") against the Debtors and a non-Debtor Defendant, Tania Dimcheva, in United States District Court for the Southern District of New York (the "District Court Action").

2. In the Complaint, the FLSA Creditor alleges claims of unpaid wages under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). (Attached as "Exhibit A" is a copy of the Complaint.)

3. Additionally, the Complaint alleges that the Debtors violated the NYCHRL, N.Y. Admin. Code §§ 8-101 et seq. by discriminating against and harassing the FLSA Creditor on the basis of her gender.

4. Specifically, in the Complaint, Ms. Chichinadze alleges, among other things:

   a) Debtor Dimitrov would often get within inches of Ms. Chichinadze, raise his clenched fists as if to strike her and exclaim "fucking bitch" or other gender-based expletives.
   b) Debtor Dimitrov never allowed Ms. Chichinadze a regular break during her long shifts. In fact, on many occasions, Mr. Dimitrov noticed Plaintiff taking a 5-minute break, and berated her wildly in front of customers and service staff, calling her a "stupid bitch" and other expletives and threatening to fire her.
   c) Debtor Dimitrov told Ms. Chichinadze not to eat at all from the kitchen during her shift. He often said, "you eat before you come here or I'll throw the food at your fucking head."
   d) On one work night in early August, Debtor Dimitrov flew into a rage at Ms. Chichinadze and threw a roll of paper towels at her while shouting obscenities at her.
   e) At that point, Ms. Chichinadze could no longer handle Debtor Dimitrov's abuse, and she had no choice to leave her employment with the Debtor and his business.

5. On February 8, 2021, the District Court Judge granted the FLSA Creditor's motion for partial summary judgement in that case and granted Plaintiff an award in the amount of $63,392 ("SJ Award"). (Attached as "Exhibit B" is a copy of the District Court's Opinion and Order SJ Award.)

6. The Debtors did not make any motions to dismiss the case or for summary judgement in the District Court Action.

7. After awarding partial summary judgment, the District Court Ordered the Parties to submit a joint letter, by March 8, 2021, with the proposed next steps for the case which was trial ready. (*See Id.*)

8. On March 8, 2021, Debtor Dimitrov's counsel in the District Court Action informed the District Court that though the next steps in the case would be to schedule a trial, counsel was unable to reach his clients Mr. Dimitrov and Bulgarian Bar to discuss those proposed next steps for the case as the District Court had Ordered. (*See* Exhibit C.)

9. The next day, the District Court ordered all Parties to appear for a conference on April 9, 2021 to discuss the next steps. (*Id*. at 2 .)

10. Both Debtors failed to appear at the April 9, 2021 Conference, and the District Court Ordered the Debtors to show cause as to why they had not complied with that Court's Orders and had forwent the opportunity to attend the April 9, 2021 conference before the Court to discuss next steps. The Debtors were furthered Ordered to show cause as to why a default judgment should not be entered against them. (Attached as "Exhibit D is a copy of the Order to Show Cause.)

11. On April 18, 2021, the Debtors' now former counsel informed the Court that Mr. Dimitrov had filed for bankruptcy. Accordingly, the District Court stayed that action vis-à-vis Debtor Dimitrov and the other Defendants and adjourned all deadlines pending the resolution of the bankruptcy.

**Background of Bankruptcy Filings**

12. The Individual Debtor filed for Bankruptcy protection on March 10, 2021.

13. The Corporate Debtor filed for Bankruptcy protection in February 2022.

14. The Individual Debtor filed bankruptcy on the eve of trial in the FLSA Action as that case was trial ready.

15. The Individual Debtor's case has been pending for over 20 months and the Debtor does not appear to have taken any demonstrable steps to effectuate a plan.

16. The Corporate Debtor's case has been pending for almost eleven months and they have already been granted two extensions to their time to file a Chapter 11 plan of reorganization and disclosure statement.

17. Despite, seeking and having been granted two extensions, the Corporate Debtor recently objected to the FLSA Creditor's claim and that objection must necessarily be resolved, whether by trial or settlement, prior to any proposed plan being accepted.

### The FLSA Claim

18. The FLSA Creditor filed Claim No. 6 ("FLSA Individual Claim") aggregating $375,000 (unsecured) in the Individual Case. In the Corporate Case, FLSA Creditor filed Claim No. 6 ("FLSA Corporate Claim," collectively "FLSA Claims") aggregating $375,000 (unsecured) in the Corporate Case. (Proofs of Claim attached as Exhibits E and F.)

19. The Debtors both objected to the FLSA Claims on December 5, 2022.

### Argument

### THE AUTOMATIC STAY SHOULD BE LIFTED TO ALLOW TRIAL OF THE FLSA CREDITORS' CLAIMS TO PROCEED

**I.   The Standard on a Motion to Lift the Automatic Stay**

20. Under the Bankruptcy Code, the filing of a bankruptcy petition automatically stays "the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy]." 11 U.S.C. §362(a)(1).

21. The Bankruptcy Code also provides for the automatic stay to be lifted under certain circumstances. Section 362(d)(1) provides in relevant part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the automatic stay . . . by terminating, annulling, modifying, or conditioning such stay -- (1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

11 U.S.C. §362(d)(1)

22. The party seeking relief from the automatic stay "bears the initial burden of demonstrating cause for lifting the stay, but the ultimate burden of persuasion rests with the debtor to show an absence of "cause." *See In re Mildred Deli Grocery, Inc.*, No. 18-10077 (MG), 2018 Bankr. LEXIS 546, at *8 (Bankr. S.D.N.Y. Feb. 28, 2018) (citations omitted).

23. Section 362 does not define the "cause" that must be shown. *In re Project Orange Assocs., LLC*, 432 B.R. at 103; *In re 234-6 West 22nd St. Corp.*, 214 B.R. at 756. "'Cause' is an intentionally broad and flexible concept which must be determined of a case-by-case basis." *In re Project Orange Assocs.*, 432 B.R. at 103 (quoting *In re Brown*, 311 B.R. 409, 412–13 (E.D. Pa. 2004)). The legislative history of Section 362:

> reveals that Congress intended "that one of the factors to consider when determining whether to modify the stay is whether doing so would permit pending litigation involving the debtor to continue in a nonbankruptcy forum," as "[i]t will often be more appropriate to permit proceedings to continue in their place of origin, where no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere."

*Id.* (quoting H.R. Rep. No. 95-595, at 341 (1977), U.S. Code Cong. & Admin. News 1978, at 5963, 6297; S. Rep. No. 95-989, at 50 (1978), U.S. Code. Cong. & Admin. News 1978, at 5787, 5836).

24. Once the moving party establishes a *prima facie* case for cause, the party opposing relief from the stay has the burden of proof to show that it is entitled to a continuation of the stay. 11 U.S.C. §362(g)(1) (the party opposing relief from the stay has burden of proof on all issues other than debtor's equity in property); *see also In re Project Orange Assocs., LLC*, 432 B.R. at 103; *In re 234-6 West 22nd St. Corp.*, 214 B.R. at 756. The reason for placing the burden of proof on the debtor "is that the automatic stay is intended only to shift the initiative to the creditor to bring the issue before the Bankruptcy Court, and not to create any new right in the debtor to stay proceedings." *In re 234-6 West 22nd St. Corp.*, 214 B.R. at 756

(citing *In re Terry*, 12 B.R. 578, 581 (Bankr. E.D. Wis. 1981). The debtor's burden is not only to come forward with evidence, but also the burden of ultimate persuasion. *Id.* Accordingly, as long as a party makes a *prima facie* showing of cause, the debtor bears the burden of proof to show why the stay should not be lifted.

25. In determining whether to modify or lift an automatic stay for cause, courts in this Circuit typically consider the twelve factors set out by the Second Circuit in *In re Sonnax Indus.*, 907 F.2d 1280 (2d Cir. 1990). These factors are:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

*Id.* at 1286.

26. Not all of these factors will be relevant in all cases. *In re AMR Corp.*, 730 F.3d 88, 112 (2d Cir. 2013).

**II.    The Automatic Bankruptcy Stay Should be Lifted to Permit
Trial in the FLSA Creditor's District Court Action to Proceed**

27. The application of the *Sonnax* factors here supports lifting or modifying the stay to allow trial in the District Court Action to go forward.

28. Allowing trial in the District Court Action to proceed will permit the District Court to determine the actual value of the FLSA Claim against the Debtors and would promote the efficient resolution of the FLSA Creditor's claim and the administration of both Debtors' estates. Here, the FLSA case was significantly advanced. The case was trial ready, the District

Court granted partial summary judgment and awarded attorney's fees[1] and the Individual Debtor filed for Bankruptcy on the eve of the District Court entering an order to show cause why default judgment should not be entered.

### A. Factor One: Relief from the Stay Would Result in Resolution of the Issues

29.     Relief from the stay would result in the prompt resolution of the FLSA Creditor's claim in the District Court. The District Court would determine whether, and to what extent the Debtors and the Non-Debtor Defendant are liable to the FLSA Creditor for the alleged violations of the FLSA, NYLL, and NYCHRL. The District Court's determination would be dispositive of the FLSA Creditor's claim against the Debtors which, upon review of the claims registers in both Debtor's cases, is the largest claim against both Debtors' estates.

30.     Courts in this Circuit have frequently found this first *Sonnax* factor satisfied where there was an ongoing litigation in a district court or state court. In *Stranz v. Ice Cream Liquidation (In Re Ice Cream Liquidation, Inc.)*, 281 B.R. 154, 166 (D. Conn. 2002), the court determined that plaintiffs' district court's adjudication of plaintiffs' claim for sexual harassment could completely resolve the issues. Similarly, in *In re Project Orange Assocs.*, 432 B.R. 89, 106-07 (S.D.N.Y. 2010), a state court's determination of pending litigation would completely resolve the issues. Likewise, if the District Court here determines that the Debtors are liable or not liable to the FLSA Creditor's on her claims, the validity and amount of the FLSA Claim would be resolved. *See, e.g., In re Mildred Deli Grocery, Inc.*, 2018 Bankr. LEXIS 546, at *11 ("Relief from the stay would result in the District Court determining whether the Debtor is liable and the amount of the claim would be liquidated, thus resolving the […] FLSA claims completely.")

---

[1] As the District Court has not determined the amount of attorney's fees, it would also be most more for the District Court to make that determination as well.

9

### B. Factor Two: Lifting the Stay Will Not Interfere with the Bankruptcy Case

31. Lifting the stay will assist, not interfere with, this bankruptcy action. The FLSA Creditor's claim may be the largest claim in both cases. The FLSA Creditor claim was filed in the amount of $375,000.[2]

32. Efficient resolution of the FLSA Creditor's claim in the District Court will therefore assist resolution of the bankruptcy action. The earlier the FLSA Creditor's claim is liquidated, the earlier this Court, the Debtors and the other creditors can properly assess how the available funds can be distributed amongst the creditors. By permitting the parties to resolve the FLSA Creditor's claim in the District Court, the Bankruptcy Court will be better equipped to decide any remaining bankruptcy issues. *See In re Project Orange Assocs.*, 432 B.R. at 108.

### C. Factor Four: The District Court has the Expertise to Try the FLSA Creditors' Claims

33. The fourth factor, whether a specialized tribunal with the necessary expertise has been established to hear the cause of action, favors lifting the stay so that the District Court may try the FLSA Creditor's claim. The District Court is highly experienced in actions brought under the FLSA and NYLL, which are frequently litigated in the District Court. Moreover, the District Court is fully familiar with all aspects of the litigation and the status and credibility of the Parties in that case. As an example, in its summary judgment decision, the District Court stated it would not rely on portions of a declaration submitted by Mr. Dimitrov in a "blatant effort to contradict Dimtrov's sworn testimony after the fact [and] following the Court's express admonitions against doing so." (*See* Ex. B at 14)*; see also In re Mildred Deli Grocery, Inc.*, 2018 Bankr. LEXIS 546, at *10 (finding this factor strongly favored lifting the stay in FLSA and NYLL action where, as here, the District Court is "highly experienced in actions

---

[2] The amount in all likelihood will be larger with the statutory attorney's fees.

10

brought under the FLSA and New York Labor Law and is familiar with the particular issues involved in the FLSA Litigation" and "all discovery and the majority of pre-trial motions have been completed and the matter is ready for trial […]").[3]

### D. Factor Six: The Action Involves Non-Debtors as Co-Defendants

34. The FLSA Creditor's claims in the District Court Action are brought against non-debtors, in addition to the Debtors. If the FLSA Creditor succeeds in proving that the Defendants violated the applicable labor laws, the Debtors and the Non-Debtor Defendant will be jointly and severally liable for their FLSA and NYLL violations. Because the District Court action involved a non-debtor defendant in addition to the Debtors, this factor weighs in favor of lifting the stay, so that the District Court action may proceed against all Defendants. Furthermore, the FLSA Creditor may potentially be able to collect from the Non-Debtor Defendant thus lessening the burden on the estate. *See In re Mildred Deli Grocery, Inc.*, 2018 Bankr. LEXIS 546, at *10.

### E. Factor Seven: Litigation in the District Court Will Not Prejudice Other Creditors

35. Litigation of the FLSA Creditor's action in the District Court will not prejudice the Debtor's other creditors. Some court must determine the FLSA Creditor's claim against the Debtors, and neither the Debtors nor the other creditors would be prejudiced by the District Court determining the claim. The District Court can presumably decide the claim more efficiently, given its past experience with the law applicable to FLSA and NYLL claims. *Id.* ("As some court must decide these matters, the Debtor will not be prejudiced by having the state court determine the issues"). *See In re Mildred Deli Grocery, Inc.*, 2018 Bankr. LEXIS 546, at *11-12 (lifting stay "will not prejudice the interests of other creditors because the

---

[3] Furthermore, Section 157(b)(5) Congress determined that the District Court is the venue to hear personal injury claims in bankruptcy – even where those claims were not pending before the District Court prior to bankruptcy.

Movants only seek to determine the amount of their claim against the Debtor. Additionally, the presence of the Non-Debtor Defendants means that the Movants may be able to collect all or part of the judgment from the Non-Debtor Defendants.")

### F. Factor Ten and Eleven: Trial of the FLSA Creditors' Action in the District Court Serves the Interests of Judicial Economy and the Expeditious and Economical Resolution of Litigation

36. Trial of the FLSA Creditor's action in the District Court would clearly serve the interests of judicial economy and the expeditious and economical resolution of litigation, for several reasons. *First*, the action will proceed more expeditiously if the automatic stay is lifted.

37. *Second*, the FLSA Creditor's action in the District Court is not only against the Debtors. It is also brought against the Non-Debtor Defendant. The FLSA Creditors' action will be more efficiently adjudicated if it proceeds against both the Non-Debtor Defendant and Debtors in the District Court than if the FLSA Creditor is required to prosecute the Defendants separately.

38. *Third*, all Parties agree that the District Court is case is trial ready and (then) counsel for the Debtors in the District Court Action informed the District Court as much prior to the Individual Debtor filing for bankruptcy. *See In re Mildred Deli Grocery, Inc.*, 2018 Bankr. LEXIS 546, at *11-12 (finding this factor "tipped the scale" in support of lifting the stay where, as here, the case was trial ready).

### G. Factor Twelve: The Stay Prejudices the FLSA Creditors, and the Balance of Harms Favors Lifting the Stay

39. The bankruptcy stay has and will continue to prejudice the FLSA Creditors if it remains in place. The FLSA Creditor may be forced to litigate her claims in two separate courts if the stay is not lifted.

40. By contrast, the Debtors cannot identify any harms that it will suffer from the action in the District Court proceeding.

41. Additionally, if the Individual Debtor's case is dismissed any hearing heard before this case would be for naught. The Individual Debtor's case has been pending for over 20 months and the docket indicates that the Individual Debtor has done little, if anything, to confirm a plan of reorganization (and it is not even clear that he can).[4]

### H. Factors Three, Five, Eight and Nine and Eleven Do Not Apply to this Action

42. Not every one of the *Sonnax* factors are relevant in every case. *In re Bogdanovich*, 292 F.3d 104, 110 (2d Cir. 2002). The factors of whether the proceeding involves the debtor as a fiduciary, whether the debtor's insurer has assumed full responsibility for a defense, whether the judgment claim is subject to equitable subordination, whether the case is near trial in the District Court, and whether success in the District Court action would leave to a judicial lien avoidable to the debtor, are inapplicable in this action and need not be considered.

### III. Section 157(b)(5): Bankruptcy Court's Authority to FLSA Claim.

43. In addition to the *Sonnax* factors, this Court lacks the Jurisdiction to hear the FLSA Claims. Congress granted a bankruptcy court the statutory authority to hear the Human Rights and Gender Discrimination claims.

44. These claims involve tortious actions including the Individual Debtors violent actions toward the FLSA Creditor. Congress has clearly indicated that the District Court is the proper court to hear the FLSA Claim.

45. Section 157(b)(5) provides:

The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is

---

[4] For example, the Debtor's MOR demonstrate that after expenses, the Debtor has $278 in excess income to fund his plan. See MOR of September 2022 ( a. Cash balance beginning of month $44 b. Total receipts (net of transfers between accounts) $2,620  c. Total disbursements (net of transfers between accounts) $2,386 $83,398 d. Cash balance end of month (a+b-c) $278 e. Disbursements made by third party for the benefit of the estate $0 $0 f. Total disbursements for quarterly fee calculation (c+e) $2,386).

13

pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

46. Courts in the Second Circuit have found that section 157(b)(5) applies to the FLSA Creditor. In similar circumstances, the Chief Bankruptcy Judge of Southern District of New York, Martin Glenn, opined:

> The District Court Complaint asserts claims against the Defendant for sexual harassment, assault and battery, and gender-motivated violence, to which section 157(b)(5) applies. […] As the consent "of all parties to the proceeding" must be given for the claims to be adjudicated in the bankruptcy court, and neither party has consented (and one has expressly refused), the claims must be adjudicated by the District Court rather than the bankruptcy court.

*Garcia v. Sklar (In re Sklar)*, 626 B.R. 750, 775 (Bankr. S.D.N.Y. 2021). *See also* , *In re Erickson*, 330 B.R. 346, 349 (Bankr. D. Conn. 2005)(" claims alleging that a debtor illegally discriminated in employment on the basis of race, creed, disability or sex are personal injury tort claims.")

47. Respectfully, as the case is trial ready in the District Court and Judge Failla—the presiding judge in the case—is thoroughly familiar with the parties and claims in the action, including Debtor Dimitrov's lack of credibility, the FLSA Creditor does not consent to this matter being heard by a bankruptcy court.

## **CONCLUSION**

48. Based on the foregoing, the Court should lift the automatic stay to allow the FLSA Creditor to prosecute her pending action against the Debtors in the District Court (but not as to collection of any judgment), and So Order the proposed order (attached as "Exhibit G") together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
January 11, 2023

                              JOSEPH & KIRSCHENBAUM LLP

By:   */s/ Josef Nussbaum*
       Josef Nussbaum
       32 Broadway, Suite 601
       New York, NY 10004
       (212) 688-5640
       jnussbaum@jk-llp.com